UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GIROD LOANCO, LLC**  CIVIL ACTION

**VERSUS**  CASE NO. 19-13150

**REGINA B HEISLER**  SECTION: "G"(2)

## ORDER AND REASONS

Before the Court is Plaintiff Girod LoanCo, LLC's ("Plaintiff") "Motion to Remand."[1] In the motion, Plaintiff argues that Defendant, Regina B. Heisler ("Defendant") removed this civil action to federal court without a good-faith basis to do so.[2] Specifically, Plaintiff contends that the claims asserted in this civil action do not arise under the laws of the United States, nor is there diversity of citizenship between the parties.[3] Therefore, Plaintiff asserts that this case should be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and Plaintiff requests that the Court assess attorneys' fees against Defendant.[4] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[5] Defendant has not filed any opposition to the motion to remand. This Court has authority to grant a motion as unopposed, although it is not required to do so.[6] Having considered the motion to remand, the

---

[1] Rec. Doc. 13.

[2] *Id*. at 1.

[3] *Id*.

[4] Rec Doc. 13-1 at 10-11.

[5] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Girod's "Motion to Remand" was December 4, 2019, and accordingly Defendant's response was due on or before November 26, 2019.

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

memorandum in support, the record, and the applicable law, the Court grants Plaintiff's Motion to Remand and will award attorneys' fees and costs.

## I. Background

On March 12, 2019, Plaintiff filed a "Verified Petition for Foreclosure by Executory Process" against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[7] In this litigation, Plaintiff seeks to have certain property seized and sold in satisfaction of multiple promissory notes given by Defendant in her individual capacity and her capacity as Succession Representative of the Succession of Frederick P. Heisler.[8]

Defendant removed this civil action to this Court for the first time on March 14, 2019, on the alleged basis of diversity jurisdiction.[9] Plaintiff filed a Motion to Remand, which was granted by this Court on June 5, 2019.[10]

On October 16, 2019, Defendant filed a second "Notice of Removal" arguing that "[t]he State-Court action became removable pursuant to 28 U.S.C. 1446(b)(3) . . . when Judge Schlegel issued an ex parte Order requiring Heisler's attorney, Henry L. Klein ("Klein"), to show cause on October 29, 2019, why he should not be held in Contempt of Court for allegedly communicating with his Law Clerk, Marla Hamilton ("Hamilton"), regarding the foreclosure he authorized under extraordinary circumstances."[11] Defendant further states that the action became removable when Judge Schlegel caused Klein to be served with a contempt citation, which Defendant contends

---

[7] Rec. Doc. 13-2.

[8] Rec. Doc. 13-2.

[9] Case No. 19-2363, Rec. Doc. 1.

[10] Case No. 19-2363, Rec. Doc. 16.

[11] Rec. Doc. 1 at 1.

caused a chilling effect on Klein's ability to represent Heisler.[12] Lastly, Defendant argues that "the level of disregard for the facts and law has reached unconstitutional levels violating due process, equal protection and petitioning clause principles under the 1st, 5th and 14th Amendments to the United States Constitution."[13]

On November 11, 2019, Plaintiff filed the instant "Motion to Remand," arguing that Defendant removed this civil action to federal court without a good-faith basis to do so.[14] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[15] Defendant has not filed any opposition to the motion to remand.[16] This Court has authority to grant a motion as unopposed, although it is not required to do so.[17]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of the Motion to Remand*

Plaintiff argues that Defendant removed this civil action to federal court without a good-faith basis to do so.[18] Specifically, Plaintiff contends that the claims asserted in this civil action do not arise under the laws of the United States, nor is there diversity of citizenship between the

---

[12] *Id.*

[13] *Id.* at 2.

[14] Rec. Doc. 13 at 1.

[15]  Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Girod's "Motion to Remand" was December 4, 2019, and accordingly Defendant's response was due on or before November 26, 2019.

[16] On December 3, 2019, Defendant did file a Motion to Dismiss Girod LoanCo's Claims for Lack of Subject Matter Jurisdiction. Rec. Doc. 15. In the motion to dismiss, Defendant argues Plaintiff "cannot avail itself of this Court's subject matter jurisdiction." *Id.* Because the Court finds that the motion to remand should be granted, the Court will not reach the merits of Defendant's motion to dismiss.

[17] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[18] Rec. Doc. 13 at 1.

3

parties.[19] Therefore, Plaintiff asserts that this case should be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and Plaintiff requests that the Court assess attorneys' fees against Defendant.[20]

First, Plaintiff argues that a federal cause of action is not properly asserted in the Notice of Removal.[21] Plaintiff argues that federal subject-matter jurisdiction is based on the allegations on the face of a well-pleaded complaint and that a party's affirmative defenses cannot create federal subject matter jurisdiction.[22] Plaintiff contends that the petition does not raise a federal cause of action because the foreclosure claims arise purely under Louisiana law.[23]

Second, Plaintiff argues that the Notice of Removal does not properly assert a basis for diversity jurisdiction.[24] Plaintiff notes that this Court has previously determined that Plaintiff and Defendant are both citizens of the State of Louisiana.[25] Plaintiff further argues that there has been no change in either party's citizenship since the Court made that finding.[26] Furthermore, Plaintiff contends that the Notice of Removal did not attempt to allege diversity as a basis for this Court to exercise jurisdiction over this civil action.[27]

---

[19] *Id.*

[20] Rec Doc. 13-1 at 10-11.

[21] *Id.* at 5.

[22] *Id.* at 6.

[23] *Id.*

[24] Rec Doc. 13-1 at 8.

[25] *Id.* at 6.

[26] *Id.* at 8.

[27] *Id.*

Third, Plaintiff argues that the Notice of Removal is untimely.[28] Plaintiff argues that pursuant to 28 U.S.C. § 1446(b), the Notice of Removal must be filed within thirty (30) days of the defendant's receipt of the initial pleading or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[29] Plaintiff contends that a Rule to Show Cause for Contempt is not an "order or other paper" that makes a case removable.[30] Therefore, Plaintiff argues that Defendant cannot point to any "pleading, motion, order or other paper" from the past thirty days that would make this civil action removable.[31]

Fourth, Plaintiff argues that Defendant has failed to comply with 28 U.S.C. § 1447(b), Local Rule 3.2, and this Court's directives.[32] Plaintiff contends that 28 U.S.C. § 1447(b) states that the Court may require the removing party to file copies of all records and proceedings from the state court.[33] Plaintiff argues that the Eastern District of Louisiana has enacted such a requirement in Local Rule 3.2.[34] Plaintiff contends that on October 18, 2019, the Clerk of Court for the Eastern District directed Defendant to file the necessary documents pursuant to Local Rule 3.2, and despite being given fourteen days to comply, Defendant still has not filed those documents.[35]

---

[28] *Id*.

[29] *Id*. at 8-9 (citing 28 U.S.C. § 1446(b)(1), (3)).

[30] *Id*. at 9.

[31] *Id*.

[32] *Id*.

[33] *Id*.

[34] *Id*.

[35] *Id*. at 10.

Lastly, Plaintiff argues that is should be awarded attorney's fees for having to respond to this baseless attempt at removal.[36] Plaintiff contends that pursuant to 28 U.S.C. § 1447(c), a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Furthermore, Plaintiff argues that the United States Supreme Court has held that attorneys' fees are appropriate when the removing party "lacked an objectively reasonable basis for removal."[37] Plaintiff argues that Defendant "clearly lacked an objectively reasonable basis for removing this civil action."[38]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[39] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The removing party bears the burden of demonstrating that federal jurisdiction exists.[40] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[41]

---

[36] *Id.*

[37] *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

[38] *Id.*

[39] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[40] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[41] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[42]

**IV. Analysis**

In the notice of removal, Defendant states that "[t]he State-Court action became removable pursuant to 28 U.S.C. 1446(b)(3)."[43] In the motion to remand, Plaintiff argues that this case must be remanded because the claims asserted in this civil action do not arise under the laws of the United States, nor is there diversity of citizenship between the parties.[44]

Here, Defendant has not asserted a proper basis for this Court to exercise subject matter jurisdiction over this case. The removing party bears the burden of demonstrating that federal jurisdiction exists.[45] The Notice of Removal asserts that this case "became removable pursuant to 28 U.S.C. 1446(b)(3) . . . when Judge Schlegel issued an ex parte Order requiring Heisler's attorney, Henry L. Klein ("Klein"), to show cause on October 29, 2019, why he should not be held in Contempt of Court for allegedly communicating with his Law Clerk, Marla Hamilton ("Hamilton"), regarding the foreclosure he authorized under extraordinary circumstances."[46]

The time limits for removal are set forth in 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of

---

[42] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[43] Rec. Doc. 1 at 1.

[44] Rec. Doc. 13 at 1.

[45] *See Allen*, 63 F.3d at 1335.

[46] Rec. Doc. 1 at 1.

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[47] In other words, if the case is not removable based on the initial pleading, a defendant must file a notice of removal within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" for removal to be considered timely.[48] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[49] Here, Defendant contends that the Order to Show Cause for Contempt constitutes an "order or other paper" which would make an otherwise unremovable case removable.[50] An "Order to Show Cause Why Attorney Should Not be Held in Contempt"[51] is not an "order or other paper" which makes this case removable. Therefore, Defendant has not met her burden of pointing to a writing indicating that removal is proper.[52]

Pursuant to the "well-pleaded complaint" rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[53] Even where a federal remedy is also available, the "plaintiff is the master of his complaint and

---

[47] 28 U.S.C. § 1446(b)(3).

[48] 28 U.S.C. § 1446(b)(3).

[49] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018) (citations and quotations omitted).

[50] Rec. Doc. 1 at 1.

[51] Rec. Doc. 1-1 at 2.

[52] *See Morgan*, 879 F.3d at 611.

[53] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

may generally allege only a state law cause of action."[54] Further, "[a] defense that raises a federal question is inadequate to confer jurisdiction."[55] The state court petition filed by Plaintiff does not provide a basis for this Court to exercise federal question jurisdiction over this case because it raises foreclosure claims that arise purely under Louisiana law and involve no federal cause of action.[56]

The Notice of Removal does not assert a basis for this Court to exercise diversity jurisdiction over this case.[57] Furthermore, when this case was previously removed, this Court determined that Plaintiff and Defendant are both citizens of the State of Louisiana.[58] Therefore, there is no basis for this Court to exercise either federal question subject-matter jurisdiction or diversity subject-matter jurisdiction. Remand is appropriate if the Court lacks subject matter jurisdiction.[59] Because the Court lacks subject matter jurisdiction, remand is appropriate.

Finally, Plaintiff asserts that attorneys' fees should be assessed against Defendant.[60] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[61] The decision to award attorney's fees under Section 1447(c) is left to the sound

---

[54] *Id.*

[55] *Merrell Dow v. Thompson*, 478 U.S. 804, 808 (1966).

[56] *See* Rec. Doc. 13-2.

[57] *See* Rec Doc. 1.

[58] Case No. 19-2363, Rec. Doc. 16.

[59] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[60] Rec Doc. 13-1 at 10-11.

[61] 28 U.S.C. § 1447(c).

discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[62] Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[63] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[64]

Here, the Court finds that Defendant did not have an "objectively reasonable basis" for seeking removal, and sought to remove only to delay a state court show cause hearing regarding contempt. Defendant previously removed this civil action to this Court, on the alleged basis of diversity jurisdiction.[65] This Court granted Plaintiff's Motion to Remand, finding that Plaintiff and Defendant are both citizens of the State of Louisiana.[66] Moreover, the Court has found Defendant's statements in support of jurisdiction in the Notice of Removal not only unavailing, but also unsupported in law or fact. Attorneys have an obligation to investigate the facts and the law of their case. Moreover, Defendant did not oppose the motion to remand. The submission date for Girod's "Motion to Remand" was December 4, 2019, and accordingly Defendant's response was due on or before November 26, 2019. On December 3, 2019, Defendant did file a Motion to

---

[62] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[63] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

[64] *Id.*

[65] Case No. 19-2363, Rec. Doc. 1.

[66] Case No. 19-2363, Rec. Doc. 16.

Dismiss Girod's Claims for Lack of Subject Matter Jurisdiction, fully aware, in the Court's opinion, that the Court did not have jurisdiction over this matter.[67] It costs Plaintiff time and money to have the case remanded, while also draining the limited resources of this Court. As a result, the Court cannot tolerate such a removal. Therefore, the Court will remand the instant action to state court, and it will award attorneys' fees and costs here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Girod LoanCo, LLC's "Motion to Remand"[68] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is remanded to the 24th Judicial District Court for Jefferson Parish, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff is to file supplemental briefing on the amount of attorneys' fees and costs incurred for the instant motion within 14 days of this Order.

**NEW ORLEANS, LOUISIANA**, this 20th day of December, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[67] Rec. Doc. 15.

[68] Rec. Doc. 13.