## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

GIROD LOANCO, LLC                                    CIVIL ACTION

VERSUS                                               CASE NO. 19-13150

REGINA B. HEISLER                                    SECTION: "G"(2)

## ORDER AND REASONS

Before the Court is Plaintiff Girod LoanCo, LLC's ("Plaintiff") "Motion to Fix Attorneys' Fees."[1] In the motion, Plaintiff requests the Court award it attorneys' fees and expenses jointly and severally against Defendant Regina B. Heisler ("Defendant" or "Heisler") and her counsel Henry L. Klein ("Klein") in connection with this Court's prior Order and Reasons granting Plaintiff's Motion to Remand.[2] Defendant filed an untimely opposition to the motion to fix attorneys' fees.[3] Having considered the motion, the memorandum in support and opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

On March 12, 2019, Plaintiff filed a "Verified Petition for Foreclosure by Executory Process" against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] In this litigation, Plaintiff seeks to have certain property seized and sold in satisfaction

---

[1] Rec. Doc. 19.

[2] Id. at 1.

[3] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Plaintiff's "Motion to Fix Attorneys' Fees" was January 29, 2020, and accordingly Defendant's response was due on or before January 21, 2020. Defendant filed an opposition on January 22, 2020. See Rec. Doc. 20.

[4] Rec. Doc. 13-2.

of multiple promissory notes given by Defendant in her individual capacity and her capacity as Succession Representative of the Succession of Frederick P. Heisler.[5]

Defendant removed this civil action to this Court for the first time on March 14, 2019, on the alleged basis of diversity jurisdiction.[6] Plaintiff filed a Motion to Remand, which was granted by this Court on June 5, 2019.[7] On October 16, 2019, Defendant filed a second "Notice of Removal" arguing that "[t]he State-Court action became removable pursuant to 28 U.S.C. 1446(b)(3) . . . when Judge Schlegel issued an ex parte Order requiring Heisler's attorney, Henry L. Klein ("Klein"), to show cause on October 29, 2019, why he should not be held in Contempt of Court for allegedly communicating with his Law Clerk, Marla Hamilton ("Hamilton"), regarding the foreclosure he authorized under extraordinary circumstances."[8] Defendant further states that the action became removable when Judge Schlegel caused Klein to be served with a contempt citation, which Defendant contends caused a chilling effect on Klein's ability to represent Heisler.[9] Lastly, Defendant argues that "the level of disregard for the facts and law has reached unconstitutional levels violating due process, equal protection and petitioning clause principles under the 1st, 5th and 14th Amendments to the United States Constitution."[10]

On November 11, 2019, Plaintiff filed a "Motion to Remand," arguing that Defendant

---

[5] Rec. Doc. 13-2.

[6] Case No. 19-2363, Rec. Doc. 1.

[7] Case No. 19-2363, Rec. Doc. 16.

[8] Rec. Doc. 1 at 1.

[9] *Id*.

[10] *Id*. at 2.

removed this civil action to federal court without a good-faith basis to do so.[11] On December 23, 2019, the Court granted Plaintiff's "Motion to Remand."[12] The Court determined that Defendant failed to assert a proper basis for this Court to exercise subject matter jurisdiction over this case.[13] Specifically, the state court petition filed by Plaintiff did not provide a basis for this Court to exercise federal question jurisdiction over this case because it raises foreclosure claims that arise purely under Louisiana law and involve no federal cause of action.[14] Moreover, the Notice of Removal did not assert a basis for this Court to exercise diversity jurisdiction over this case.[15] Lastly, when this case was previously removed, this Court determined that Plaintiff and Defendant are both citizens of the State of Louisiana and therefore remanded that case for lack of subject matter jurisdiction.[16] Accordingly, the Court determined that Defendant did not have an "objectively reasonable basis" for seeking removal, and sought to remove only to delay a state court show cause hearing regarding contempt.[17] Therefore, the Court determined that Plaintiff is entitled to attorneys' fees and costs and instructed Plaintiff to file supplemental briefing on the amount of attorneys' fees and costs incurred as a result of the removal.[18]

---

[11] Rec. Doc. 13 at 1.

[12] Rec. Doc. 17.

[13] *Id.* at 7.

[14] *Id.* at 9.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 10.

[18] Id. at 11.

On January 3, 2019, Plaintiff filed the instant "Motion to Fix Attorneys' Fees."[19] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Plaintiff's "Motion to Fix Attorneys' Fees" was January 29, 2020, and accordingly Defendant's response was due on or before January 21, 2020. Defendant filed an opposition on January 22, 2020.[20] The Court, in its discretion, will consider Defendant's opposition, despite it being filed untimely.

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion to Fix Attorneys' Fees*

In support of the instant motion, Plaintiff requests that the Court fix the amount of attorneys' fees and expenses that this Court previously awarded.[21] Plaintiff seeks attorneys' fees in the amount of $18,290.75, and requests that the award be made jointly and severally against Heisler and her counsel Klein.[22] Plaintiff argues that this amount is reasonable and appropriate based on the facts of this case and the applicable law.[23] Additionally, Plaintiff contends that these fees and expenses would not have been incurred but for Defendant's legally baseless removal.[24] Plaintiff argues that Klein's request for leniency due to his personal problems does not justify his practice of asserting arguments that have no legal basis.[25]

---

[19] Rec. Doc. 19.

[20] Rec. Doc. 20.

[21] Rec. Doc. 19-1 at 1.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 4.

4

Plaintiff contends that attorneys' fees are appropriate when the removing party "lacked an objectively reasonable basis for removal."[26] Here, Plaintiff argues that Defendant lacked an objectively reasonable basis for removal.[27] Plaintiff contends that an award of attorneys' fees and expenses must be reasonable, and is generally limited to fees and expenses incurred in federal court "that would not have been incurred had the case remained in state court."[28] Plaintiff argues that the Fifth Circuit has instructed that state law controls both the award of and the reasonableness of the fees awarded.[29] Plaintiff contends that under Louisiana law, courts consider ten factors to determine whether an award of attorneys' fees is reasonable.[30] Plaintiff argues that because Klein seemingly made the decision to remove the case and because Heisler continues to allow Klein to file baseless documents on her behalf in order to delay the resolution of this case, the Court should enter judgment on its fees and expenses against both Heisler and Klein, jointly and severally.[31]

In support of the motion, Plaintiff submits (1) the Declaration of J. Eric Lockridge, a partner at the law firm Kean Miller LLP, and the lead attorney for Defendant in this civil action, (2) Kean Miller's November and December 2019 invoices that show the work performed and costs incurred from the date of removal, October 16, 2019 through November 30, 2019, and (3) a "proforma

---

[26] *Id*. at 5 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

[27] *Id*.

[28] *Id*. (citing *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997)).

[29] *Id*. at 6 (citing *Mathis v. Exxon Corp.*, 302 F. 3d 448, 461 (5th Cir. 2002)).

[30] *Id*. (citing *Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 1649503, at *2 (E.D. La. Jun. 8, 2009); *GMAC Commercial Mortgage Corp. v. Chateau Deville Apartments Partnership*, 2003 WL 21674467, at *2 (E.D. La. 2003); *Smith v. State*, 899 So. 2d 516, 527-28 (La. 2005); *Willwoods Community v. Essex Ins. Co.*, 2010 WL 1462117, *8 (La. App. 5 Cir. 2010)).

[31] *Id*. at 6–7.

invoice" showing fees and costs incurred during December 2019 and January 2020.[32] Plaintiff argues that the time-keeping documentation it has submitted reflects the fees and expenses it would not have incurred but-for the removal.[33] Plaintiff contends that the time-keeping documentation reflects what services were performed and by whom, the time expended on those services, and the hourly rates charged.[34] Plaintiff argues that the time-keeping documentation shows that the full amount of professional fees and expenses sought totals $18,290.75.[35]

Plaintiff contends that the factors enumerated by the Louisiana courts regarding the reasonableness of an award of attorneys' fees weigh in favor of awarding the fees and expenses requested by Plaintiff.[36] First, Plaintiff argues that it achieved its ultimate result—remand of this matter to state court.[37] Second, Plaintiff contends that its attorneys incurred a large amount of responsibility.[38] Third, Plaintiff argues that this litigation is highly important due to the amount of money at stake and because Defendant continues to argue that Plaintiff should be barred from litigating cases in all Louisiana courts.[39] Fourth, Plaintiff contends that this litigation involves a large amount of money, as the five promissory notes executed by Heisler at issue in this litigation

[32] *Id*. at 7.

[33] *Id*.

[34] *Id*. at 8.

[35] *Id*.

[36] *Id*. at 9.

[37] *Id*.

[38] *Id*.

[39] *Id*. at 9–10.

have outstanding amounts due totaling more than $4.5 million when this civil action was filed.[40]
Fifth, Plaintiff argues that this matter was a large undertaking because (1) Plaintiff was finalizing
a sheriff's sale of certain property when the case was removed and (2) after the removal, the
sheriff's sale was abruptly cancelled, and Girod had to timely file the Motion to Remand.[41]

Sixth, Plaintiff contends that two partners and an associate worked to successfully remand
this action to state court.[42] Seventh, Plaintiff argues that its attorneys appeared in this civil action
through filing the Motion to Remand and a Memorandum in Opposition to Defendant's Motion to
Strike Pleadings.[43] Eighth, Plaintiff contends that because an Order to Show Cause directed to
Klein was the basis to remove this action, Plaintiff had to research whether such documents
provided a basis for subject-matter jurisdiction.[44] Ninth, Plaintiff argues that its counsel's diligence
and skill is reflected in the results it obtained and the time-keeping documentation.[45] Tenth,
Plaintiff states it cannot address the Court's knowledge.[46] Lastly, Plaintiff argues that although not
one of the ten factors, courts often consider the fees customarily charged in the locality for similar
legal services when determining the reasonableness of attorneys' fees.[47] Plaintiff contends that the
rates charged by its attorneys and paralegals are usual and customary in the Baton Rouge and New

---

[40] *Id*. at 10 (citing Rec. Doc. 13-2, at 10).

[41] *Id*.

[42] *Id*. at 11.

[43] *Id*.

[44] *Id*. at 12.

[45] *Id*.

[46] *Id*.

[47] *Id*.

Orleans areas.[48]

Plaintiff argues that Defendant's decision to remove this case forced Girod to perform the work that generated the fees and expenses requested.[49] Plaintiff contends that Heisler and Klein have repeatedly utilized delay tactics, including filing the baseless notice of removal in this action, to delay judgment, which further weighs in favor of the fees being found to be reasonable.[50]

## B.   *Defendant's Arguments in Opposition to the Motion to Fix Attorneys' Fees*

As noted above, Defendant did not timely file an opposition to the motion to remand. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The submission date for Plaintiff's "Motion to Fix Attorneys' Fees" was January 29, 2020, and accordingly Defendant's response was due on or before January 21, 2020.[51] On January 22, 2020, Defendant filed an opposition.[52] The Court, in its discretion, will consider Defendant's opposition, despite it being untimely.

Defendant opposes the instant motion on jurisdictional, equitable and substantive grounds.[53] Defendant "question[s] this Court's Article III subject matter jurisdiction. . . ."[54]

---

[48] *Id.* at 13.

[49] *Id.*

[50] *Id.*

[51] While not an opposition, on December 25, 2019, Defendant filed a "Response to Order" in response to this Court's Order and Reasons remanding this action back to state court. *See* Rec. Doc. 18. In it, Defendant sought to explain why she "missed deadlines [and] overly-relied on flights to federal court." Rec. Doc. 18-1. In the attached "Declaration Under Penalty of Perjury" Klein states that he recently lost his home and vehicle. *Id.* Klein further represents that he is raising two grandsons because both of their parents, one his daughter, died of heroin overdoses. *Id.*

[52] Rec. Doc. 20.

[53] *Id.* at 1.

[54] *Id.*

8

Defendant contends that Plaintiff is barred from filing any action in a Louisiana court.[55] Defendant objects on equitable ground because "Girod is a vulture fund" in a family of vulture funds in the Cayman Islands.[56] In contrast, Defendant asserts that Heisler is a 77 year old "victim of criminality" who has liver cancer and "did nothing wrong."[57] Lastly, Defendant objects on substantive grounds because the submission is impossible to measure due to its redactions.[58]

### III. Legal Standard

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[59] The decision to award attorney's fees under Section 1447(c) is left to the sound discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[60] Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[61] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the

---

[55] *Id.*

[56] *Id.* 1–2.

[57] *Id.*

[58] *Id.* at 2.

[59] 28 U.S.C. § 1447(c).

[60] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[61] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

removing party lacked an objectively reasonable basis for seeking removal."[62] The Fifth Circuit has made clear that "a district court is not divested of jurisdiction to award attorney's fees and costs pursuant to § 1447(c) after a remand has been certified."[63]

## IV. Analysis

The Court found in its prior Order and Reasons remanding this action to state court that Defendant did not have an "objectively reasonable basis" for seeking removal.[64] Defendant previously removed this civil action to this Court, on the alleged basis of diversity jurisdiction.[65] Following the first removal, the Court granted Plaintiff's Motion to Remand, finding that Plaintiff and Defendant are both citizens of the State of Louisiana.[66] Following the second removal, the Court once again remanded this matter to state court for lack of subject matter jurisdiction.[67] The Court found the statements made in the Notice of Removal regarding the basis for jurisdiction not only unavailing, but also unsupported in law or fact.[68] Moreover, the Court noted that Defendant did not oppose the motion to remand. On December 3, 2019, Defendant filed a Motion to Dismiss Girod's Claims for Lack of Subject Matter Jurisdiction, seemingly aware that the Court did not have jurisdiction over this matter.[69]

---

[62] *Id.*

[63] *Coward v. AC & S, Inc.*, 91 F. App'x 919, 921–22 (5th Cir. 2004).

[64] Rec. Doc. 17.

[65] Case No. 19-2363, Rec. Doc. 1.

[66] Case No. 19-2363, Rec. Doc. 16.

[67] Rec. Doc. 17.

[68] *Id.*

[69] Rec. Doc. 15.

As the Court stated in its prior Order and Reasons, the Court cannot tolerate such a baseless and meritless removal. The Court has an obligation to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. . . ."[70] Here, Defendant removed this action simply to delay judgment and avoid a show cause hearing. This decision needlessly perpetuated already prolonged litigation, forcing Plaintiff to incur additional, and unnecessary, legal fees. Accordingly, as set forth in the Order and Reasons granting the motion to remand, the Court will require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Once a court has determined that a defendant lacked an "objectively reasonable basis" for seeking removal, the Court must determine what amount of costs and fees, if any, to award the plaintiff.[71] Such an award is explicitly limited to costs and fees "incurred as a result of removal."[72] The Fifth Circuit "interpret[s] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court."[73] "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable. . . ."[74]

Additionally, the Court must determine what amount of fees and costs is reasonable. District courts employ the "lodestar" method to calculate the amount of fees to be awarded for

---

[70] *Darville*, 2016 WL 1402837, at *8 (quoting *Martin*, 546 U.S. at 140).

[71] *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

[72] 28 U.S.C. § 1447(c).

[73] *Avitts*, 111 F.3d at 32.

[74] *Id.*

improper removal.[75] Under this method, "the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."[76] "[T]here is a strong presumption that the lodestar figure is reasonable."[77] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[78] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[79] Such reconsideration is "impermissible double-counting."[80]

Here, Plaintiff requests a total award of $18,290.75.[81] This requested award consists of $18,251.00 in attorneys' fees and an additional $39.75 in expenses. The time keeping documentation indicates that partner and lead counsel J. Eric Lockridge billed 32.3 hours, partner Jill Gautreaux billed 0.1 hours, and associate Katilyn M. Hollowell billed 25.3 hours for a grand

---

[75] *Sees v. Fagen*, 2002 WL 460233, at *2 (N.D. Tex. Mar. 22, 2002); *Hubert v. Curren*, No. CV 18-7669, 2018 WL 4963595 (E.D. La. Oct. 15, 2018).

[76] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

[77] *Id.* at 553–54.

[78] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

[79] *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[80] *Id.*

[81] Rec. Doc. 19-3.

total of 57.7 hours.[82] Plaintiff's counsel's declaration indicates hourly billing rates of $385.00 (discounted to $380.00) for partner and lead counsel J. Eric Lockridge, $385.00 (discounted to $315.00) for partner Jill Gautreaux and $235.00 for associate Katilyn M. Hollowell.[83]

**A.      The Number of Hours**

"[T]he first step in determining reasonable attorneys' fees is an evaluation of the number of hours reasonably expended."[84] "Charges for excessive, duplicative, or inadequately documented work must be excluded."[85] Additionally, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates," and "a district court may reduce the number of hours awarded if the documentation is vague or incomplete."[86]

In support of the motion, Plaintiff offers time keeping documentation, which is the record for professional services performed by each attorney in this matter. The documentation reflects the actual fees incurred by Girod for the above-captioned litigation as a result of the removal.[87] The documentation contains detailed information on the tasks performed, by whom they were performed, the date they were performed, the time expended to accomplish that task, and the

---

[82] Rec. Doc. 19-2. The Court notes that the time keeping documentation includes an additional hour of work performed by Lockridge on January 3, 2020, and an additional hour of work performed by Hollowell on January 3, 2020. Rec. Doc. 19-3 at 29. However, those two hours were not included in the total submitted by Defendants. Accordingly, the Court does not include those two hours in this award.

[83] *Id.*

[84] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

[85] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993)).

[86] *La. Power & Light Co.*, 50 F.3d at 324 (quotation marks and citations omitted).

[87] Rec. Doc. 19-2 at 3.

applicable hourly rates charged.[88] Additionally, Plaintiff submitted a declaration of its lead counsel for this litigation, J. Eric Lockridge.[89] In his declaration, Lockridge states that Plaintiff's request is limited to the above-captioned case only, and to only those fees incurred as a result of the removal.[90]

Plaintiff is represented by the law firm Kean Miller. Three attorneys within Kean Miller worked on the remand and other issues. The time keeping documentation indicates that partner and lead counsel J. Eric Lockridge billed 32.3 hours, partner Jill Gautreaux billed 0.1 hours and associate Katilyn M. Hollowell billed 25.3 hours for a total of 57.7 hours.[91]

After careful review of the time-keeping documentation, the Court finds several entries to be problematic. In particular, J. Eric Lockridge billed 11 hours and associate Katilyn M. Hollowell billed 4.5 for time spent researching and corresponding with the Orleans Parish Sheriff's Office ("OPSO") and the Jefferson Parish Sheriff's Office ("JPSO") regarding certain property that was scheduled for sale by the Sheriff's Offices.[92] After the first remand, the state court directed the Sheriffs of Jefferson and Orleans Parishes to seize and sell certain property to satisfy, in whole or in part, Defendant's debts to Plaintiff under the promissory notes.[93] Plaintiff argues that after this action was removed, the OPSO advised Plaintiff that it would no longer go through with the sale

---

[88] *Id*. at 2.

[89] *Id*.

[90] *Id*. at 3.

[91] *Id*. The Court notes that the time keeping documentation includes an additional hour of work performed by Lockridge on January 3, 2020, and an additional hour of work performed by Hollowell on January 3, 2020. Rec. Doc. 19-3 at 29. However, those two hours were not included in the total submitted by Defendants. Accordingly, the Court does not include those two hours in this award.

[92] Rec. Doc. 19-3.

[93] Rec. Doc. 19-5.

as scheduled because "Heisler's counsel [Klein] suggest[ed] that a sale would be a violation of due process, which could lead to a (baseless) legal action against the OPSO."[94] While it is arguable that Klein would not have made such a threat had this action not been removed, it is equally likely that Klein would have attempted to postpone the sale by threatening to sue the OPSO had this litigation remained in state court.

Pursuant to § 1447(c), Plaintiff may recover attorneys' fees it incurred as a result of Defendant's improper removal. However, "ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'"[95] Accordingly, the time spent corresponding with the Sheriff's Offices regarding the sale of the property falls outside the scope of recoverable attorneys' fees under § 1447(c) and will be disallowed. Based on the information provided in the time-keeping documentation, the Court will reduce J. Eric Lockridge's requested hours by 11 and associate Katilyn M. Hollowell's requested hours by 4.5 for time spent on the property sale, bringing Lockridge's total time to 21.5 hours and Hollowell's total time to 20.8 hours.

The Court finds that the remainder of the billing entries are recoverable. They reflect time spent on preparing the motion to remand, responding to Defendant's Motion to Strike, and preparing the motion to fix attorneys' fees.[96] The Court finds that the remaining hours requested are reasonable. The ultimate result obtained by Plaintiff's attorneys was a good one. Plaintiff sought to remand this matter back to state court, and on December 23, 2019, this Court granted the

---

[94] Rec. Doc. 19-1 at 3.

[95] *Avitts*, 111 F.3d at 32 (quoting 28 U.S.C. § 1447(c)).

[96] Rec. Doc. 19-3.

motion to remand.[97] Additionally, this litigation is highly important to the parties. At issue in this litigation are five promissory notes executed by Heisler. When this civil action was filed, those five notes had outstanding amounts due totaling more than $4.5 million.[98] On the other hand, the issues of law pertaining to the removal of this case were neither novel nor complex. As the Court explained in its prior Order and Reasons, Defendant's basis for removal was baseless and therefore, the issues involved in drafting a motion to remand were not more involved than an ordinary removal and remand. However, the Court recognizes that it "sometimes takes a little longer to research 'creative' arguments offered without supporting authority."[99]

Accordingly, the Court, having carefully reviewed the billing records, finds that a total of 42.4 hours—21.5 hours for J. Eric Lockridge, 0.1 hours for Jill Gautreaux and 20.8 hours for Katilyn M. Hollowell—was incurred solely as a result of Defendant's improper removal and is a reasonable number of hours.

## B.    The Hourly Rates

The second step of the analysis is to determine a reasonable hourly rate for each attorney. "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command."[100] It is the plaintiff's burden to "produce satisfactory evidence, in addition to [the] attorney's affidavit, that the requested rates are in line with those prevailing in the relevant community for similar services by lawyers of reasonably

---

[97] Rec. Doc. 17.

[98] Rec. Doc. 13-2 at 10.

[99] *Beavers v. City of Jackson, Mississippi*, No. 3:19-CV-735-DPJ-FKB, 2020 WL 1678083, at *2 (S.D. Miss. Apr. 6, 2020).

[100] *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotations and citation omitted).

comparable skill, experience and reputation."[101] "An attorney's requested hourly rate is prima facie reasonable when [he or] she requests that the lodestar be computed at [his or] her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested."[102]

As discussed above, Plaintiff offers time keeping documentation, which is the record for professional services performed by each attorney in this matter. Plaintiff's counsel's declaration indicates hourly billing rates of $385.00 (discounted to $380.00) for partner and lead counsel J. Eric Lockridge, $385.00 (discounted to $315.00) for partner Jill Gautreaux and $235.00 for associate Katilyn M. Hollowell.[103] Lockridge has approximately 20 years of legal experience.[104] Plaintiff represents that Gautreaux has 24 years of legal experience.[105] Plaintiff does not state how many years of legal experience Hollowell has, only that "she is the least experienced of the three attorneys retained by Girod."[106] Lockridge states that "[b]ased on [his] experience and familiarity with the Baton Rouge and New Orleans legal communities and markets, these hourly billable rates for Kean Miller's attorneys are and have been reasonable, usual, customary, and well within the range of prevailing market rates in the Baton Rouge and New Orleans legal markets for similar litigation services by attorneys of reasonably comparable skill, expertise, and reputation."[107]

---

[101] *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

[102] *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.) (citing *La. Power & Light Co.*, 50 F.3d at 328).

[103] Rec. Doc. 19-2 at 3.

[104] *Id.* at 1.

[105] Rec. Doc. 19-1 at 11.

[106] *Id.*

[107] Rec. Doc. 19-2 at 3.

The Court may reduce the hourly rate if it determines that the requested rate is not within the range of prevailing market rates. Judges in this district routinely award attorneys' fees in the amount of $300–375 per hour for work performed by a partner with 13 to 20 years of experience. [108] Judges in this district award attorneys' fees in the amount of $200 for work performed by an associate with less than five years of experience. [109]

Here, the Court finds that the hourly billing rates of $385.00 (discounted to $380.00) for partner and lead counsel J. Eric Lockridge, $385.00 (discounted to $315.00) for partner Jill Gautreaux and $235.00 for associate Katilyn M. Hollowell are reasonable.

### C.    *The Lodestar Calculation*

In the final step, "the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." [110] In sum, the Court awards $8,170.00 for work performed by Lockridge (21.5 hours at $380 per hour), $31.50 for work performed by Gautreaux (0.1 hours at $315 per hour), and $4,888.00 for work performed by Hollowell (20.8 hours at $235 per hour) for the wrongful removal of this action. Accordingly, the Court awards Plaintiff a total award of $13,089.50 in attorneys' fees.

---

[108] *See REC Marine Logistics, L.L.C. v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding that $375.00/hour for an attorney with 13 years of experience is reasonable in this district); *Hubert v. Curren*, No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years' experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA, Inc. v. EBM*, No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels).

[109] *See Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (awarding $200.00/hour to attorney with five years of experience).

[110] *Migis*, 135 F.3d at 1047 (citing *La. Power & Light Co*, 50 F.3d at 324).

**D.      *Adjustment to the Lodestar Calculation***

After calculating the lodestar, a district court may decrease or enhance the amount of attorneys' fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[111] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[112] Such reconsideration is "impermissible double-counting."[113]  Here, the Court finds that the circumstances of this case do not warrant an adjustment to the lodestar. The relevant factors that would warrant an increase or decrease are already accounted for in the Court's determination of the reasonable number of hours and the reasonable hourly rate; adjusting the lodestar based on those same factors "would be impermissible double counting."[114]

**E.      *Expenses***

In addition to attorneys' fees, Plaintiff requests an additional $39.75 in expenses.[115] In the attached declaration, Lockridge states that "Girod incurred scanning and printing expenses post-

---

[111]  *Black,* 732 F.3d at 502 (5th Cir. 2013) (citing *Johnson,* 488 F.2d at 717–19). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

[112]  *Saizan,* 448 F.3d at 800 (citation omitted).

[113]  *Id.*

[114]  *Id.*

[115]  *See* Rec. Doc. 19-3 at 1. Plaintiff requests $21.35 in expenses for October and $18.40 for November. Plaintiff was unable to present the expenses that it incurred in December 2019 and January 2020 by the deadline for the Motion.

removal in October and November, [but is] unable to identify with certitude exactly which of those expenses would not have been incurred but for the removal . . . As a compromise approach, Girod requests an award of only one-half of the actual copy and print expenses incurred during October 2019 and November 2019."[116]

As part of the award for improper removal, the Court may require payment of just costs and any actual expenses; however, the payment of such expenses is explicitly limited to costs "incurred as a result of removal."[117] The Fifth Circuit "interpret[s] this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court."[118] "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable. . . ."[119]

Plaintiff has not provided an itemization of expenses incurred as a result of the removal of this action. Because Plaintiff has failed to meet its burden, the Court is unable to assess the reasonableness of the expenses requested nor determine which expenses were incurred as a result of removal. Accordingly, the expenses Plaintiff requests are not recoverable.

## F.    *Joint and Several Liability*

Lastly, the Court addresses Plaintiff's request to enter judgment on its fees and expenses against both Heisler and Klein, jointly and severally.[120] Most courts awarding fees and expenses

---

[116] Rec. Doc. 19-2 at 3–4.

[117] 28 U.S.C. § 1447(c).

[118] *Avitts*, 111 F.3d at 32.

[119] *Id*.

[120] Rec. Doc. 19-1 at 7.

do so against the removing party, not their counsel.[121] Additionally, other courts have explicitly held an award of fees and costs could only be assessed against the party, not their attorney.[122] Accordingly, the Court awards fees and costs against the removing party, Defendant Heisler.

## V. Conclusion

For the reasons discussed above, the Court awards the Plaintiff attorneys' fees in the amount of $13,089.50 and directs that Defendant is liable for payment of this sum no later than 60 days after entry of this Order and Reasons.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Girod LoanCo, LLC's "Motion to Fix Attorneys' Fees"[123] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Girod LoanCo, LLC is hereby awarded $13,089.50 in attorneys' fees recoverable against Defendant Regina B. Heisler.

**NEW ORLEANS, LOUISIANA**, this ___2nd___ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[121] *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 624 (2d Cir. 1991) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees … does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized.").

[122] *See In re Crescent City Estates*, LLC, 588 F.3d 822, 825–28 (4th Cir. 2009).

[123] Rec. Doc. 19.